WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Merrick,<br><br>   Plaintiff,<br><br> vs.<br><br>Inmate Legal Services, et al.,<br><br>   Defendants. | No.  CV 13-1094-PHX-RCB (BSB)<br><br>**O R D E R** |

On April 4, 2013, Plaintiff Anthony Merrick, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint in the Maricopa County Superior Court.  On May 30, 2013, Defendants removed the action to this Court.  In a August 20, 2013 Order, the Court dismissed the Complaint and gave Plaintiff 30 days to file an amended complaint on the court-approved form.

On August 19, 2013, Plaintiff filed a Motion to Amend Complaint (Doc. 5). On September 5, 2013, Plaintiff filed a First Amended Complaint (Doc. 8).  Because Plaintiff was granted leave to amend in the August 20 Order, the Court will deny as moot the Motion to Amend.

On September 5, 2013, Plaintiff also filed an Objection to Removal.  The Court will deny the Objection and order Defendant Lillie to answer Count Two of the First Amended Complaint.  The Court will dismiss the remaining claims and Defendants without prejudice.

TERMPSREF

## I.    Removal

On September 5, 2013, Plaintiff filed an Objection to the Notice of Removal. Plaintiff asks that the Court consider his untimely Objection because he did not understand that he was required to file the Objection in this Court rather than state court. Plaintiff further states that he is opposed to removal because he believes the federal court does not have jurisdiction to consider his state claims.

Title 28 U.S.C. § 1441 authorizes removal of any civil action brought in the state court over which the federal district courts would have original jurisdiction. "Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over all civil actions arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331, including those actions where the plaintiff has requested a remedy under state law for an alleged violation of a federal substantive right. *Smith v. Kansas City Title & Trust*, 255 U.S. 180, 199 (1921).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. The plaintiff is the "master of the claim" and may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Under the corollary to that rule, however, a state common law claim will be converted into one stating a federal claim where the preemptive force of a federal statute is so extraordinary that it displaces any state law claim in the area.

Plaintiff's original Complaint was filed pursuant 42 U.S.C § 1983. Accordingly, Plaintiff's original Complaint could have been filed in federal court and removal was appropriate. To the extent that Plaintiff raises state law claims, 28 U.S.C. § 1367(a) provides that the district courts have supplemental jurisdiction over state law claims in any civil action in which the district courts also have original federal jurisdiction over all

TERMPSREF

other claims in the case. The Court may therefore exercise supplemental jurisdiction over Plaintiff's state law claims.

## II.     First Amended Complaint

Plaintiff names the following Defendants in the First Amended Complaint: Maricopa County Sheriff Joseph Arpaio; Inmate Legal Services Carol Lillie; Inmate Legal Services Clerk A. Meyer; Captain J. Baumann; Captain Harmon; Sergeant Rogers; Grievance Sergeant J. Wade; Lieutenant Garcia; Sergeant O'Neal; External Referee James Garitson; and Chaplain Paul.

Plaintiff raises three claims for relief. In Count One, Plaintiff claims his First Amendment rights, rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and rights under Arizona state law were violated when Defendants Baumann and Harmon denied Plaintiff unmonitored, unrecorded phone calls with his clergy, which Plaintiff alleges are "a requirement of his religious practices (confession, spiritual guidance, and counselling.)" Plaintiff claims that Defendants allowed him clergy calls but refused to allow unmonitored, unrecorded calls. Plaintiff was also advised that that he could request his pastor to visit him personally, or clergy that regularly visited the jail could hear his anonymous confession. Plaintiff claims that this was not sufficient because clergy of Plaintiff's faith was not available and Plaintiff needed to speak with his own pastor. Plaintiff grieved the denial and received denials at all levels of review from Defendants O'Neal, Garcia, Wade, Paul, and Garitson. Plaintiff further alleges that Defendant Arpaio "made the policies, procedures, customs and failed to train employees."

In Count Two, Plaintiff claims his First Amendment rights to access to the courts and rights under the Arizona Constitution were violated when Defendant Lille failed to file Plaintiff's Motion for Reconsideration in the Arizona Court of Appeals. Plaintiff states that on October 30, 2012, the Arizona Court of Appeals affirmed his criminal appeal and "stated that a motion for reconsideration could be filed pro-per within time frames under A.R.Cr.P. 31.18(b), which is 15 days." Plaintiff states that he prepared the

TERMPSREF

- 3 -

1  Motion and, on November 7, 2012, sent it to Inmate Legal Services ("ILS") to be filed.
2  Plaintiff states that he was indigent and could not afford copies or postage. Plaintiff
3  claims that on November 8, 2012, Defendant Meyer returned the Motion, telling Plaintiff
4  that ILS would not process the Motion because Plaintiff was not pro per. Plaintiff filed a
5  grievance on the same date. On November 14, 2012, Defendant Lille responded to the
6  grievance and stated that she had filed Plaintiff's Petition for Review, but never
7  mentioned the Motion for Reconsideration. On November 20, 2012, Sergeant Rogers
8  informed Plaintiff that the Motion was timely filed. On December 6, 2012, Defendant
9  Baumann responded to Plaintiff's grievance appeal by informing Plaintiff that the Motion
10 was timely filed. On January 13, 2013, Plaintiff received a Response from Defendant
11 Wilson stating that it had been discovered Plaintiff's Motion had not been filed and ILS
12 had erred. Defendant Lille then sent Plaintiff a letter stating that she erred in not sending
13 the Motion and that Defendant Meyer was acting pursuant to her direction.

14 Plaintiff claims that his Motion contained non-frivolous claims that would have
15 resulted in a favorable outcome and he was unable to "correct the court on facts of the
16 case or the law involved." Plaintiff further claims in Count Two that he filed a grievance
17 regarding inadequate legal supplies, but that the grievance was never answered. Finally,
18 Plaintiff alleges that Defendant Arpaio "made jail policies, procedures, customs, and
19 failed to train employees."

20 In Count Three, Plaintiff alleges the same facts as Count One but claims that
21 "Defendants were acting under Rules, Policies, Procedures and customs to sponsor and
22 enforce what they felt were acceptable religious practices in the jail and denied Plaintiff
23 his beliefs and practices."

24 Plaintiff seeks declaratory relief and money damages.

25 **III.  Failure to State a Claim**
26     **A.  Defendant Arpaio**
27 To state a valid claim under § 1983, plaintiffs must allege that they suffered a
28 specific injury as a result of specific conduct of a defendant and show an affirmative link

1  between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Arpaio personally participated in a deprivation of Plaintiff's constitutional rights or was aware of a deprivation and failed to act. Although Plaintiff states in each count that "J. Arpaio made jail policies, procedures, customs and failed to train employees, which led to the violation," Plaintiff has offered no facts in support of these conclusory allegations. Plaintiff has failed to state a claim against Defendant Arpaio and the Court will dismiss Defendant Arpaio from this action.

### B.   Grievances

Plaintiff claims that Defendants Baumann, Harmon, Rogers, Wade, Garcia, O'Neal, Garitson, and Paul denied his grievances at various levels of the grievance process. The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Plaintiff has failed to state a claim against these Defendants and they will be dismissed.

### C.   Counts One and Three

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from

1  engaging in a sincerely held religious belief and that the defendant did so without any
2  justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514
3  F.3d 878 (9th Cir. 2008).

4  Under RLUIPA, a government may not impose a substantial burden on the
5  religious exercise of a confined person unless the government establishes that the burden
6  furthers a "compelling governmental interest" and does so by "the least restrictive
7  means." 42 U.S.C. § 2000cc-1(a)(1)-(2).

8  Similarly, to state a claim under Ariz. Rev. Stat. § 41-1493.01(c), Plaintiff must
9  establish "(1) that an action or refusal to act is motivated by a religious belief, (2) that the
10 religious belief is sincerely held, and (3) that the governmental action substantially
11 burdens the exercise of religious beliefs." *Arizona v. Hardesty*, 214 P.3d 1004, 1007
12 (Ariz. 2009).

13 Plaintiff has failed to allege facts demonstrating that the practice of his religion
14 was substantially burdened by Defendants' policies or that he was prevented from
15 engaging in a sincerely held religious belief. Plaintiff was informed that he could request
16 an in-person visit from his clergy, could write to his clergy, or could have unmonitored
17 and unrecorded religious confession with clergy who regularly visited the jail. Plaintiff
18 has failed to explain how being denied unmonitored and unrecorded clergy calls with a
19 specific pastor substantially burdened his religious practice; Plaintiff has expressed a
20 personal preference for his personal clergy but has not demonstrated interference with his
21 sincerely held religious beliefs. Further, Plaintiff has not alleged facts demonstrating that
22 the Jail's phone policies were enforced without a legitimate penological purpose.

23 Finally, Plaintiff's credibility as well as the sincerity of his beliefs are cast into
24 severe doubt by his conviction in Maricopa County Superior Court, CR 2010-007643-001
25 for conspiracy to commit tempering with a witness, conspiracy to commit perjury, and
26 obstructing criminal investigations or prosecutions. A jury found that Plaintiff attempted
27 to fabricate testimony in another criminal action by inducing witnesses to testify in his
28 favor. Key to Plaintiff's conviction were written and recorded telephone conversations

between Plaintiff and Vicki McFarland, a person Plaintiff claims was his pastor, in which Plaintiff directed McFarland to contact other witnesses for the purpose of securing testimony favorable to Plaintiff. Plaintiff argued the calls were "confessions, counseling and spiritual guidance, as well as other religious sacraments." However, evidence presented at trial demonstrated that Plaintiff's conversations with McFarland did not mention that Plaintiff was confessing and needed religious or spiritual assistance, but showed Plaintiff intended to create the "'Fundamental Christian Temple' as his church and religion." Plaintiff instructed McFarland to check with the Corporation Commission to determine whether that name was available as a non-profit church and to check with the Internal Revenue Service because Plaintiff was "going to want to incorporate the non-profit church and get I.R.S. approval as a 501(c)(3)." *See Arizona v. Merrick*, No.11-8034, 2012 WL 5333539, at *3 (Ariz. App. Oct. 30, 2012). The Arizona Court of Appeals concluded that Plaintiff's letter to McFarland

> demonstrates that the church did not exist before April 2010, McFarland was not then an ordained member of the church and Defendant only wanted to create it to attempt to hide behind religion. The communications did not evince a "human need to disclose to a spiritual counselor, in total and absolute confidence, what are believed to be flawed acts or thoughts and to receive priestly consolation and guidance in return."

*Id.*

Accordingly, Plaintiff has failed to state a claim for violation of his First Amendment rights, violations of RLUIPA, or violations of State law. The Court will dismiss Counts One and Three for failure to state a claim.

**D.    Count Two**

As noted above, the portions of Count Two in which Plaintiff alleges that Defendants denied his grievances fail to state a claim. Further, to the extent that he alleges he was denied adequate legal supplies, Plaintiff has failed to state a claim. As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an

TERMPSREF

"actual injury" with respect to contemplated litigation. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53. Plaintiff has not demonstrated that the denial of adequate legal supplies impeded him from bringing to court a nonfrivolous claim. Accordingly, the Court will dismiss the grievance and legal supplies portions on Count Two.

Finally, Plaintiff alleges that Defendant Meyer informed him ILS would not process his motion for reconsideration because Plaintiff was not "pro-per." Plaintiff further states that Defendant Meyer was acting on Defendant Lillie's instruction. Plaintiff demonstrates only that Defendant Meyer was acting according to a supervisors' direction; this is not sufficient to state a claim and the Court will dismiss Defendant Meyer.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a First Amendment access-to-courts claim in Count Two against Defendant Lillie for failing to process and file Plaintiff's motion for reconsideration. The Court will require Defendant Lillie to answer this portion of Count Two.

**V.     Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's August 19, 2013 Motion to Amend Complaint (Doc. 5) is **denied** as moot.

(2) Plaintiff's Objection to Removal (Doc. 9) is **denied**.

(3) Counts One and Three, and the grievance and legal supplies claims in Count Two, are **dismissed** without prejudice.

(4) Defendants Arpaio, Meyer, Baumann, Harmon, Rogers, Wade, Garcia, Paul, O'Neal, and Garitson are **dismissed** without prejudice.

(5) Defendant Lillie must answer the portion of Count Two relating to Plaintiff's motion for reconsideration in his criminal case.

(6) Defendant Lillie must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . .

TERMPSREF

1  (7) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of December, 2013,

Robert C. Broomfield
Senior United States District Judge

TERMPSREF

- 10 -